**CORPORATE CENTER ASSOCIATES, Appellant,**

v.

**TOTAL GROUP SERVICES OF IOWA, INC., and Office Outfitters, Inc., Appellees.**

**No. 89–1643.**

Court of Appeals of Iowa.

Sept. 26, 1990.

Gerard D. Neugent and Dennis P. Ogden of Belin, Harris, Helmick, Tesdell, Lamson, McCormick, Des Moines, for appellant.

Louis R. Hockenberg and David A. Bolte of Wasker, Sullivan & Ward, Des Moines, for appellee Office Outfitters, Inc.

Thomas S. Reavely, Des Moines, for appellee Total Group Services of Iowa.

Considered by HAYDEN, P.J., and SACKETT and HABHAB, JJ.

HABHAB, Judge.

In 1986 Corporate Center Associates (CCA) leased office space to Total Group Services of Iowa (Total Group) pursuant to a written lease with a five-year term. Total Group took possession of the premises in October 1986. Total Group then obtained office furniture from Office Outfitters pursuant to a signed "payment plan" agreement. This agreement also included

a clause which provided the furniture could be purchased at the end of the lease term for $1.00. In the summer of 1987 Total Group defaulted on its lease with CCA, and abandoned the premises leaving the furniture.

CCA sued Total Group for unpaid rent. CCA also named Office Outfitters as a party requesting the court to determine that CCA's landlord's lien was superior to any right Office Outfitters might have to the furniture. CCA and Office Outfitters filed motions to adjudicate law points. The district court ruled that the agreement between Total Group and Office Outfitters was a true lease and that title to the furniture remained with Office Outfitters. Therefore, the court concluded CCA could not attach a lien to the furniture. CCA subsequently obtained a $60,034 money judgment against Total Group pursuant to a consent decree.

CCA appeals the district court's ruling on the motions to adjudicate law points. CCA contends the agreement between Total Group and Office Outfitters was a lease intended for security and title passed to Total Group. According to CCA, its landlord's lien attached to the furniture and is superior to any right of Office Outfitters for Office Outfitters failed to perfect its security interest. Office Outfitters asserts that if the district court incorrectly ruled on the motions for adjudication of law points, the case should be remanded for further proceedings.

The code section at issue is Iowa Code section 554.1201(37)(b) which states:

Whether a lease is intended as security is to be determined by the facts of each case; however, (a) the inclusion of an option to purchase does not in and of itself make the lease one intended for security, and (b) an agreement that upon compliance with the terms of the lease the lessee shall become or has the option to become the owner of the property for no additional consideration or for a nominal consideration *does make the lease one intended for security.* (emphasis added).

The agreement in dispute provided for payments by the "lessee" Total Group, for a period of 60 months. It further provided that at the end of 60 months Total Group had the option to purchase the furniture for the sum of $1. The Iowa Supreme Court has held that such a provision causes the agreement to be subject to a security interest. *C & J Leasing II Ltd. v. Swanson,* 439 N.W.2d 210, 211 (Iowa 1989).

The trial judge found the lease agreement between Total Group and Office Outfitters was a true lease and therefore no security interest would attach. We disagree, based on a reading of Iowa Code section 554.1201(37) and the instructional language provided by the Iowa Supreme Court in *C & J Leasing.*

It is clear from the reading of both of the above that when a lease agreement provides an opportunity to purchase the leased items for a nominal value, the agreement will be viewed as a security agreement. In this case, Total Group and Office Outfitters had an agreement for a term of five years during which time Total Group would pay for the use of the furniture. The agreement further provided that Total Group could purchase the furniture at the end of the term for $1.00. Because the buyout clause was of such a nominal nature, we believe it falls within the type of clause contemplated by the Supreme Court in *C & J Leasing.*

There are a variety of other cases which have considered an option to buy under UCC 1–201(37), and have determined that a nominal option to purchase at the close of a lease agreement does constitute a security interest. The supreme court of Minnesota determined that a $1.00 option to purchase computer equipment at the end of a lease constituted a security interest. *Chemlease Worldwide Inc. v. Brace, Inc.,* 338 N.W.2d 428, 432 (Minn.1983). The court did not discuss the option in great detail, however it addressed the issue of the option and stated that under 1–201(37) the interest maintained by Chemlease was a security interest. *Id.*

The Tenth Circuit also addressed this issue and found that when equipment was

to be owned by the "lessee" at the termination of a lease for nominal consideration it is a lease intended as security. *United States v. Federal Insurance Co.*, 634 F.2d 1050, 1052 (10th Cir.1980). The court discussed the situation further stating:

> where the terms of the lease and option to purchase are such that the only sensible course of action for the lessee at the end of the term is to exercise that option and become owner of the goods, then the lease becomes one intended to create a security interest.

*Id.* See also, *Meyer v. World Concrete, Inc.*, 431 P.2d 403 (Okl.1967).; Annot. Equipment Leases as Security Interest Within Uniform Commercial Code § 1–201(37), 76 A.L.R.3d 11 (1977).

Based upon our reading of *C & J Leasing*, as well as the consistent interpretation of this same section in other jurisdictions, we find that this lease is not a true lease but rather a lease intended as a secured interest. We remand this case to the trial court to determine the priority of each parties interest in the office furniture.

REVERSED AND REMANDED.

HAYDEN, P.J., concurs.

SACKETT, J., dissents.

SACKETT, Judge (dissenting).

I dissent. I would affirm.